UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEITH DREW,

                Plaintiff,

-against-

CITY OF NEW YORK; NEW YORK CITY HEALTH AND HOSPITALS CORP.; MR. RICKY, OBCC CLINIC ADMINISTRATOR FEBRUARY 2019; DOCTOR SHIBLEE; DOCTOR LATUNJI; NEW YORK CITY DEPARTMENT OF CORRECTION (DOC) CAPTAINS: ROWE, SHIELD 931; PHILLIP, SHIELD 1448, KNIGHT, SHIELD 1260; CORRECTION OFFICERS: DICONSTANZO, SHIELD 8666, PUMAREJO, SHIELD 18568; SMITH-WESSON, SHIELD 9088; RICHARDS, SHIELD 19276; RODRIGUES, SHIELD 7454; HOSEN, SHIELD 10699; AND CHAPMAN, MAIN CLINIC OFFICER AT OBCC, MARCH 2019,

                Defendants.

19-CV-4067 (JGK)

ORDER OF SERVICE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 3.4.20

GEORGE B. DANIELS, United States District Judge:

    Plaintiff, currently incarcerated in Mid-State Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that, while he was detained in the Otis Bantum Correctional Center on Rikers Island, Defendants violated his constitutional rights. By order dated August 2, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1]

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

## DISCUSSION

**A.  Service on the City of New York; New York City Department of Correction (DOC) Captains: Rowe, Shield 931; Phillip, Shield 1448; and Knight, Shield 1260; and DOC Officers: DiConstanzo, Shield 8666; Pumarejo, Shield 18568; Smith-Wesson, Shield 9088; Richards, Shield 19276; Rodrigues, Shield 7454; Hosen, Shield 10699; and Chapman, Main Clinic Officer at OBCC, March 2019**

The Clerk of Court is directed to notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that the City of New York, New York City Department of Correction (DOC) Captains: Rowe, Shield 931; Phillip, Shield 1448; and Knight, Shield 1260; and DOC Officers: DiConstanzo, Shield 8666; Pumarejo, Shield 18568; Smith-Wesson, Shield 9088; Richards, Shield 19276; Rodrigues, Shield 7454; Hosen, Shield 10699; and Chapman, Main Clinic Officer at OBCC, March 2019, waive service of summons.

**B.  Service on New York City Health and Hospitals Corp., Dr. Shiblee, and Dr. Latunji**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summonses and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v.*

2

*Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants New York City Health and Hospitals Corp., Dr. Shiblee, and Dr. Latunji through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## C. Local Civil Rule 33.2

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[2]

---

[2] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

3

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is directed to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that Defendants New York City Department of Correction (DOC) Captains: Rowe, Shield 931; Phillip, Shield 1448; and Knight, Shield 1260; and DOC Officers: DiConstanzo, Shield 8666; Pumarejo, Shield 18568; Smith-Wesson, Shield 9088; Richards, Shield 19276; Rodrigues, Shield 7454; Hosen, Shield 10699; and Chapman, Main Clinic Officer at OBCC, March 2019, waive service of summons.

The Clerk of Court is further instructed to issue summonses, complete the USM-285 forms with the addresses for New York City Health and Hospitals Corp., Dr. Shiblee, and Dr. Latunji, and deliver all documents necessary to effect service to the U.S. Marshals Service.

Local Civil Rule 33.2 applies to this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: MAR 0 2 2020
New York, New York

_____
GEORGE B. DANIELS
United States District Judge, PART I

**DEFENDANTS AND SERVICE ADDRESSES**

1. New York City Health and Hospitals Corp.
   125 Worth Street
   New York, NY 10013

2. Towshid Shiblee, M.D.
   c/o Gwendolyn Renee Tarver
   PAGNY-Correctional Health Services
   49-04 19th Avenue, 1st Floor
   Astoria, New York 11105

3. Michael Latunji, M.D.
   c/o Gwendolyn Renee Tarver
   PAGNY-Correctional Health Services
   49-04 19th Avenue, 1st Floor
   Astoria, New York 11105